# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NATHAN HANCOCK,** *on behalf of himself and all others similarly situated*<br><br>**Plaintiff,**<br><br>v.<br><br>**LARIO OIL & GAS CO.,**<br><br>**Defendant.** | Case No. 2:19-CV-02140-JAR-KGG |

## MEMORANDUM AND ORDER

Plaintiff Nathan Hancock brings this putative collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), against Defendant Lario Oil & Gas Co., claiming violations of the FLSA's overtime pay requirements. Specifically, Plaintiff alleges that Defendant misclassified its employees as independent contractors in order to bypass FLSA overtime requirements. Plaintiff alleges that these employees, referred to as "company men," were paid a day rate for a twelve-hour shift and not paid overtime if they worked beyond twelve hours. This matter is before the Court on Plaintiff's Motion for Conditional Collective Action Certification and Notice (Doc. 11). For the reasons explained below, the Court **grants** Plaintiff's motion to conditionally certify. Specifically, the Court conditionally certifies the following class:

> *All oilfield workers who were or are employed by Defendant as a Wellsite/Drill Site Manager or "company man," and who were classified as independent contractors and paid a day rate at any time within the three years preceding the present date.*

The Court authorizes written notice to be sent to putative plaintiffs. However, the Court first directs the parties to confer, attempt to agree on a proper notice and consent-to-join form based on the Court's findings below, and resubmit the forms for the Court's approval. Finally, the Court **grants** Plaintiff's request for putative plaintiffs' names and contact information. The

parties are directed to confer regarding a plan for distributing notice via an electronic medium and to inform the Court of this distribution plan.

I.    **Legal Standard**

An action under the FLSA may be brought "against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."[1] Unlike a class action under Fed. R. Civ. P. 23, to participate in a FLSA collective action, all plaintiffs must "[give] [their] consent in writing to become such a part," and the consent must be "filed in the court in which such action is brought."[2]

Before notice is sent to putative plaintiffs to inform them of the pending action, the Court must conditionally certify the action as a collective action. The court may certify an opt-in collective action so long as the aggrieved employees are similarly situated.[3] Section 216(b) does not define "similarly situated." The Tenth Circuit has approved an *ad hoc* case-by-case basis for determining whether employees are "similarly situated" for the purposes of § 216(b).[4] This involves a two-step inquiry.[5] The first step occurs at the "notice stage" of the proceedings. Here, the court determines if certification is proper for purposes of sending notice of the action to potential collective action members.[6] At this stage, the court "requires *nothing more* than substantial allegations that the putative class members were together the victims of a single

---

[1] 29 U.S.C. § 216(b).

[2] *Id.*

[3] *See id.*

[4] *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102, 1105 (10th Cir. 2001).

[5] *Id.* at 1105.

[6] *Id.* at 1102.

decision, policy or plan."[7] This standard is lenient[8] and typically results in conditional certification.[9] In reviewing a motion for conditional certification, the court does not weigh the evidence, resolve factual disputes,[10] or rule on the merits of plaintiffs' claims.[11] Generally, courts in this District have limited the scope of their review on a motion for conditional certification to the allegations in the plaintiffs' complaints and supporting affidavits.[12]

The second step—requiring the court to apply a stricter standard to ensure that plaintiffs are actually similarly situated—comes after discovery is complete and is usually prompted by defendants filing a motion to decertify.[13]

## II. Background

Plaintiff filed this action on March 13, 2019. The following facts are alleged in Plaintiff's Complaint and Memorandum in Support of his Motion for Conditional Certification.

---

[7] *Id.* (emphasis added) (alterations omitted); *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citations omitted).

[8] *Thiessen*, 267 F.3d at 1103.

[9] *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007) (citing *Gieseke*, 408. F. Supp. 2d at 1166).

[10] *Barnwell v. Corr. Corp. of Am.*, No. 08-2151-JWL, 2008 WL 5157476, at *5 (D. Kan. Dec. 9, 2008) ("[T]he fact that evidence exists negating plaintiffs' claims does not warrant the denial of conditional certification where plaintiffs nonetheless have presented substantial allegations supporting the existence of a policy."); *Geer v. Challenge Fin. Inv'rs Corp.*, No. 05-1109-JTM, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005) (deciding to only consider the pleadings and affidavits filed by plaintiffs because, "at this point, the Court is not prepared to weigh the evidence"); *Whalen v. United States*, 85 Fed. Cl. 380, 385 (Fed. Cl. 2009) ("In the process, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.") (citation and internal quotation marks omitted); *see also Thiessen*, 267 F.3d at 1106–07 (noting that, in applying the stricter second-stage standard, trial court weighed the evidence and made factual findings in determining whether plaintiffs were "similarly situated," and as a result "the district court essentially deprived plaintiffs of their right to have the issues decided by a jury, or to at least have the court determine, under summary judgment standards, whether there was sufficient evidence to send the issue to the jury").

[11] *Gieseke*, 408 F. Supp. 2d at 1166.

[12] *Renfro*, 243 F.R.D. at 434 & n.4 (declining to consider defendant's additional evidence at the "notice stage" because plaintiff is only required to produce substantial allegations and supporting affidavits or declarations) (collecting cases); *see Gipson v. S.W. Bell Tel. Co.*, No. 08-cv-2017-EFM/DJW, 2009 WL 1044941, at *3 n.22 (D. Kan. Apr. 20, 2009); *Geer*, 2005 WL 2648054, at *2 (D. Kan. Oct. 17, 2005); *Brown v. Money Tree Mortg., Inc.*, 222 F.R.D. 676, 680 (D. Kan. 2004).

[13] *Thiessen*, 267 F.3d at 1102–03.

Defendant routinely hired company men at its various jobsites and classified these company men as independent contractors. The company men were paid a day rate—rather than a salary—which was intended to cover twelve hours per day, seven days per week for some temporary period. Plaintiff and the other company men often worked longer than twelve hours in a day. Though their expected work week was eighty-four hours, they were not paid overtime. They were also not paid overtime when they worked beyond those expected eighty-four hours. Defendant applied this uniform classification and compensation policy to all company men.

Plaintiff seeks compensatory and liquidated damages under § 216(b) and interest, attorneys' fees, and costs allowed by § 216(b). The FLSA claim is the only basis on which Plaintiff seeks approval of a collective action.

## III. Conditional Certification

Defendant does not oppose Plaintiff's Motion for Conditional Certification. Rather, Defendant requests that the Court limit the class to individuals engaged by Edwards Well Services ("EWS"). Defendant argues that the putative class identified by Plaintiff is not similarly situated because the class members were not Defendant's employees. Rather, the company men were employed by various staffing companies, including EWS, which contracted with Defendant to provide managers at well and drill sites. Defendant requests the Court look beyond Plaintiff's pleadings to an affidavit and sample contract demonstrating EWS's role in Plaintiff's employment.

Defendant's argument requires the Court to decide whether Defendant is an employer under the FLSA. The FLSA defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee."[14] Determining whether Defendant is the

---
[14] 29 U.S.C. § 203(d).

4

putative plaintiffs' employer is a fact-intensive inquiry requiring the Court to weigh evidence, an inquiry not appropriate at this initial stage.[15] As such, this challenge to conditional certification is premature.

At the notice stage, with no discovery conducted, it is enough that Plaintiff has *alleged* that he and the putative class were employees of Defendant and subject to a single decision, policy, or plan—the day rate applicable to all company men. Plaintiff's Complaint, as supported by the declaration and exhibits, is a substantial allegation and therefore meets the threshold for sending notice to other putative plaintiffs. To the extent Defendant wishes to raise factual challenges to whether putative plaintiffs hired by various staffing companies are similarly situated, such challenges are appropriately raised at the stricter second stage of the conditional certification process,[16] after discovery is completed and the evidence is more fully developed. Possible defenses or justifications for decertification will be considered should Defendant file a motion for summary judgment or motion to decertify. Accordingly, Plaintiff's Motion for Conditional Certification is granted.

## IV. Notice to Putative Plaintiffs

The benefits of a collective action "depend on employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate."[17] Plaintiff has submitted a proposed notice and consent-to-join form with his motion to conditionally certify. Defendant objects to Plaintiff's proposed

---

[15] *Barnwell v. Corr. Corp. of Am.*, No. 08-2151-JWL, 2008 WL 5157476, at *5 (D. Kan. Dec. 9, 2008).

[16] During the second stage, the court reviews a number of factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether plaintiffs made the filings [required] before instituting suit." *Thiessen*, 267 F.3d at 1103. *See also Garcia v. Tyson Foods, Inc.*, 255 F.R.D. 678, 685 (D. Kan. 2009).

[17] *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).

notice letter on several grounds: (1) a failure to adequately articulate the nature of the lawsuit; (2) the appearance of judicial endorsement; (3) the potential burdens of joining the class, and (4) the method of distribution. The Court addresses these objections in turn.

### A. Nature of the Lawsuit

First, Defendant objects to language in the proposed notice referring to the nature of this lawsuit as a "wage claim," arguing that such language is not specific enough to allow the class to understand the nature the lawsuit. Defendant asserts that the notice should make clear that the consent makes Defendant a "party-plaintiff" under 29 U.S.C. § 216(b). The Court finds, however, that the notice is clear as to the nature of the lawsuit. The notice letter states the case is brought under FLSA for unpaid overtime wages—the use of the term "wage claim" is merely a simplification for the benefit of the prospective parties. "Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiff's proposed notice unless such alteration is necessary."[18] The Court finds alternation is unnecessary here.

Defendant also argues that Plaintiff has not properly articulated Defendant's position with regard to this litigation. Plaintiff has agreed to add language clarifying that *"*Lario claims it was not Hancock and potential plaintiffs' employer." Plaintiff is directed to include this language in the notice. Defendant also asserts that the notice should include information about EWS or other staffing companies. As discussed above, the role of third-party staffing companies is not at issue at this initial notice stage. Accordingly, Plaintiff is not required to add language regarding EWS.

---

[18] *Creten-Miller v. Westlake Hardware, Inc.*, No. CIV.A. 08-2351-KHV, 2009 WL 2058734, at *2 (D. Kan. July 15, 2009) (citing *Lewis v. ASAP Land Exp., Inc.,* No. 07–CV–2226–KHV, 2008 WL 2152049, *2 (D. Kan. May 21, 2008)).

### B. Judicial Endorsement

Defendant objects to the statement regarding the court's authorization of notice, which is displayed at the top center of the first page in bold, capital print. This district has consistently disallowed emphasis on court authorization.[19] The phrase must not be bolded or in all capital letters, and it must be moved closer to the notice's disclaimer that the Court has not taken any position on the merits of the case. Plaintiff is directed to modify and move the language.

Additionally, Defendant objects to the phrase "This Court" with regard to the retaliation paragraph. Plaintiff agrees to modify language in paragraph six of the notice letter as follows: "Federal law prohibits anyone from firing or in any other way discriminating against you because you join this case. Lario has agreed to abide by the law in this regard." Plaintiff is directed to modify the language.

### C. Potential Plaintiffs' Burdens

Defendant also argues that Plaintiff has failed to adequately describe the potential burdens and responsibilities of the potential opt-in plaintiffs, including potential court and travel costs. Plaintiff argues that including such language would have the effect of "chilling participation in the collective action."[20] The notice letter states that returning the enclosed form makes the potential plaintiff "part of the case" and results in responsibilities, such as answering written questions, testifying under oath at a deposition or trial, and producing evidentiary documents. The notice does not, however, inform the potential class members that an award of costs is a possibility. Courts in this district have generally required FLSA notices to include this

---

[19] *See Roseborough v. All Saints Home Care, Inc.*, No. 18-2122-KHV, 2018 U.S. Dist. LEXIS 210967, at *6 (D. Kan. Dec. 14, 2018) ("Court authorization of the notice should not be in bold text."); *Clayton v. Velociti, Inc.*, No. 08-2298-CM, 2009 WL 304190, at *3 (D. Kan. Feb. 9, 2009) ("Court Approval of Notice should not be highlighted by all capital letters.").

[20] Doc. 22 at 14.

information.[21] Accordingly, the notice should inform putative plaintiffs that if they do not prevail, they may be responsible for court costs. Similarly, courts in this district have often required that the notice inform potential plaintiffs that they may be required to travel to Kansas City.[22] Given that the putative plaintiffs "work at remote locations that are far away from home,"[23] the Court agrees with the reasoning in *Cretin-Miller* and *Wass*:

> Despite plaintiff's concerns about the potential chilling effect, the Court is persuaded that it is reasonable and necessary to include language which informs potential participants that they may be required to travel to Kansas City. The notice already contemplates that discovery will occur and warns potential participants as much. Absent other agreement or Court orders, depositions will occur in Kansas City and participants should know that they have to travel here to participate in the suit.[24]

Accordingly, the notice should inform potential plaintiffs of the possibility that depositions or hearings may take place in Kansas City.

### D. Notice Procedures

Finally, Defendant objects to Plaintiff's request that Defendant (1) provide phone numbers and email addresses for the members of the prospective class and (2) post the notice at Defendant's job sites. The Court addresses these arguments in turn.

Defendant represents that it does not possess the information necessary to facilitate email or text messages, and further asserts that allowing text message notice is contrary to the

---

[21] *See Wass v. NPC Int'l, Inc.*, No. 09-2254-JWL, 2011 WL 1118774, at *8 (D. Kan. Mar. 28, 2011); *Creten-Miller*, 2009 WL 2058734, at *4; *Roseborough*, 2018 U.S. Dist. LEXIS 210967 at *6; *but see Hose v. Henry Indus., Inc.*, 49 F. Supp. 3d 906, 919 (D. Kan. 2014).

[22] *See Cretin-Miller*, 2009 WL 2058734 at *5; *Wass*, 2011 WL 1118774, at *10; *Hadley v. Wintrust Mortg. Corp.*, No. 10-2574-EFM, 2011 WL 4600623, at *3 (D. Kan. Oct. 3, 2011), *vacated*, No. 10-2574-EFM, 2011 WL 8177791 (D. Kan. Nov. 4, 2011); *In re Bank of Am. Wage & Hour Employment Litig.*, 286 F.R.D. 572, 599 (D. Kan. 2012).

[23] Doc. 13-2 ¶25.

[24] *See Cretin–Miller,* 2009 WL 2058734, at *5.

Telephone Consumer Protection Act.[25] Plaintiff argues that the prospective plaintiffs are, by the nature of their profession, often away from home for weeks at a time; thus, mail is not the most effective way for a time-sensitive notice to be sent.

The Court finds there is good reason to allow for notice to be sent via email or text message. As discussed above, potential class members "work at remote locations that are far away from home."[26] Courts in this Circuit have recognized that notice by email or text message is reasonable in today's mobile society, particularly when employees are away from their homes for weeks at a time.[27] The Court is also persuaded that obtaining this information is not overly burdensome: Plaintiff testified that Defendant "frequently communicated with its company men via text message and email,"[28] and further, even if Defendant does not currently have this information, it is likely easily obtainable from the third-party staffing companies that Defendant contracts with to provide company men.[29] Defendant is directed to provide Plaintiff with the names, last known home addresses, email addresses, phone numbers, employee ID numbers, and dates of employment for all putative class members. Additionally, the Court is unpersuaded that allowing limited text message notice to potential class members violates Congress's goal in passing the Telephone Consumer Protection Act. The notice is not a telemarketing communication and thus not contemplated by the act.[30]

---

[25] 47 U.S.C. § 227 *et seq.*

[26] Doc. 13-2 ¶25.

[27] *See, e.g.*, *Calvillo v. Bull Rogers, Inc.*, 267 F. Supp. 3d 1307, 1315 (D.N.M. 2017) (allowing notice via text message and email because "the law is on Plaintiff's side"); *Deakin v. Magellan Health, Inc.*, 328 F.R.D. 427, 436 (D.N.M. 2018); *Bryant v. Act Fast Delivery of Colo., Inc.*, No. 14-CV-00870-MSK-NYW, 2015 WL 3929663, at *5 (D. Colo. June 25, 2015).

[28] Doc. 13-2 ¶25.

[29] To the extent Defendant is unable to obtain this contact information after reasonable and good faith efforts, it is directed to inform the Court of its efforts in the joint brief statement of a notice distribution plan to be submitted to the Court with the revised notice within fourteen days of this order.

[30] *See generally* 47 U.S.C. § 227 *et seq.*

Defendant also asserts that notice should only be delivered via one medium because duplicative notice could be viewed as improperly suggesting the Court's endorsement.[31] The Court does not understand Plaintiff's request to use email and/or text message to imply that Plaintiff will inundate prospective plaintiffs with notices. Rather, the Court views the request as one to send a notice via email or text message with the same frequency as would be expected for a notice delivered via traditional mail.[32] The parties are directed to confer regarding a proposed plan for sending the notices via an electronic medium and to inform the Court of this distribution plan.

Finally, Plaintiff points the Court to no support for its request that Defendant be required to post the notice at jobsites. Defendant notes that it would be burdensome to maintain the notice given the fact that Defendant does not maintain a physical presence at its drill sites. The Court finds that Plaintiff has not demonstrated that notice via a posting at the jobsite is necessary—particularly given the Court's finding that Defendant should provide the requested electronic contact information.[33] Defendant likely has the contact information for the current potential plaintiffs who work at the jobsites, and thus, any such posting would be duplicative.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Conditional Certification (Doc. 11) is **granted**. The Court conditionally certifies Plaintiff's collective action under § 216(b) of the FLSA for the following class of persons:

---

[31] *Nelson v. Firebirds of Overland Park, LLC*, No. 17-2237-JWL, 2018 WL 3023195, at *7 (D. Kan. June 18, 2018) (citing *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016).

[32] *Id.* ("[T]he court is inclined to conclude that one reminder during the notice period aimed only at those putative class members who have not responded to the notice serves the FLSA's broad remedial purpose.").

[33] *See Barbosa v. Nat'l Beef Packing Co., L.P.*, No. CIV.A. 12-2311-KHV, 2013 WL 393301, at *5 (D. Kan. Jan. 31, 2013) ("On this record, plaintiffs have not shown that posting the notice at the Liberal facility is necessary. In particular, it appears that the posting would reach the same potential plaintiffs, i.e. current employees, for whom defendant would most likely have current address information.").

> *All oilfield workers who were or are employed by Defendant as a Wellsite/Drill Site Manager or "company man," and who were classified as independent contractors and paid a day rate at any time within the three years preceding the present date.*

Plaintiff Nathan Hancock is designated as the class representative and Plaintiff's counsel shall act as class counsel in this manner.

**IT IS FURTHER ORDERED** that Plaintiff's motion to approve Plaintiff's form of notice is **denied without prejudice**, to be reasserted after the parties have conferred and modified the notice, consistent with the changes discussed above. The parties shall submit a joint amended proposed notice and consent-to-join form, as well as a brief statement summarizing the notice distribution plan, to the Court for approval **within fourteen (14) days of the Court's order**.

**IT IS FURTHER ORDERED** that, **within fourteen (14) days of the Court's Order**, Defendant must provide Plaintiff a list in electronic and importable format, of the first and last names, last-known home addresses, email addresses, phone numbers, employee ID numbers, and dates of employment for all members of the putative class.

**IT IS SO ORDERED.**

Dated: August 1, 2019

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              CHIEF UNITED STATES DISTRICT JUDGE